■ BALDWIN FITNESS CENTER, INC., Doing Business as EXTREME FITNESS OF BALDWIN, Appellant, v NICKART REALTY CORPORATION, Respondent. [771 NYS2d 394]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 4, 2002, as (a) granted that branch of its motion which was, in effect, for an assessment on damages on the third cause of action only to the extent of allowing it to recoup certain fines actually paid, (b) denied those branches of its motion which were, in effect, for an assessment of damages on the first and fifth causes of action, and, (c) upon, in effect, searching the record, granted summary judgment to the defendant dismissing the fourth cause of action, and (2) so much of an order of the same court dated December 10, 2002, as denied that branch of its motion, denominated as one for leave to reargue and renew, but which was, in effect, for leave to renew the granting of summary judgment to the defendant dismissing the fourth cause of action.

Ordered that the order dated October 4, 2002, is modified, on the law, by deleting the provisions thereof granting that branch of the motion which was, in effect, for an assessment of damages on the third cause of action only to the extent of allowing the plaintiff to recoup certain fines actually paid, and denying that branch of the motion which was, in effect, for an assessment of damages on the fifth cause of action, and substituting therefor a provision granting those branches of the motion in their entirety with respect to the third and fifth causes of action; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 10, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established, and the Supreme Court properly found, that the defendant's president made a material misrepresentation regarding the existence of a certificate of occupancy for the subject premises, and that the defendant breached the parties' lease. Under the circumstances, the Supreme Court should have allowed the plaintiff to prove all of the damages as alleged in its third and fifth causes of action based on breach of the parties' lease and negligent misrepresentation, respectively.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.